IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NESSLIN CRUZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-1222C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, plaintiffs and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiffs state that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491(a)(1). Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be

bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

Plaintiffs' relevant issues:

1. Whether the Government extended the closing deadline for plaintiffs' transaction by receipt of plaintiffs' request for extension and the negotiation of plaintiffs' tendered funds for extension?

2. If the Government extended plaintiffs' closing deadline,

did the Government breach the agreement with plaintiffs by accepting another offer prior to the expiration of plaintiffs' extended closing period?

Defendant's relevant issues:

1. Whether the Government was obliged to extend the closing deadline for the sale of the Barton Avenue real property to plaintiffs by more than 15 days as a result of plaintiffs' simultaneous request for consecutive 15-day extensions.

Agreed-upon issue:

1. Whether plaintiffs are entitled to $90,000.00 in damages, or to any damages whatsoever.

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. This case has been assigned to Judge Robert H. Hodges, Jr., in accordance with the ADR pilot program.

j. Trial

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted,

or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. The parties request that trial take place in Washington, D.C.

k. Electronic Case Management

Parties have no special issue regarding electronic case management needs.

l. Additional Information

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | February 21, 2005 |
| Close of Discovery | May 20, 2005 |

At this time the parties do not contemplate the use of expert witnesses.

Respectfully submitted,

STEPHEN M. FELDMAN
15915 Ventura Blvd., Suite 201
Encino, CA 91436
Phone: (818) 907-0334
Facsimile: (818) 907-9056

Attorney for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Roger A. Hipp
ROGER A. HIPP
Trial Attorney

Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

February 1, 2005

Attorneys for Defendant

<u>Certificate of Filing</u>

I hereby certify that on February 1, 2005, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Roger A. Hipp