Stephen M. Feldman, Esq./SBN 65773
LAW OFFICES OF STEPHEN M. FELDMAN
15915 Ventura Boulevard
Suite 201
Encino, California 91436
Tel No. (818) 907-0334
Fax No. (818)907-9056

Attorney for Plaintiffs Nesslin Cruz
and Ohassy Cruz

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NESSLIN CRUZ, an individual, and OHASSY CRUZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON, D.C.,<br><br>Defendant.<br>_______________________________________/ | **CASE NO. 04-1222C**<br>**(Judge Baskir)**<br><br>**NOTICE OF MOTION AND MOTION OF NESSLIN AND OHASSY CRUZ FOR SUMMARY JUDGMENT AGAINST DEFENDANT SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON, D.C.** |

COMES NOW Plaintiffs Nesslin Cruz and Ohassy Cruz ("Plaintiff" of "Cruz") and submits the following Motion for Summary Judgment on its Complaint against the Secretary of Housing and Urban Development of Washington, D.C.

////



PDF created with pdfFactory trial version www.pdffactory.com

## A. TABLE OF CONTENTS

**Page No.**


A. Contents.......... **2**

B. Table of Authorities.......... **3**

C. Statement of Questions Involved.......... **4**

D. Statement of the Case.......... **4**

E. Argument.......... **6**

1. HUD was estopped from canceling or terminating escrow with Plaintiff prior to August 23, 2003.......... **6**
2. The Measure of Damages Occasioned By the Breach of Contract By HUD.......... **9**

F. Conclusion.......... **9**




PDF created with pdfFactory trial version www.pdffactory.com

## B. TABLE OF AUTHORITIES

**Page No.**

**Citations**

Am. Jur. 2nd Esoppel and Waiver Sec. 26, et. seq....................................................... **6**

Congregation Etz Chaim v. City of Los Angeles (2004) 371 Fed 3d. 1122............... **6**

United States v. Hemmen (9th Cir. 1995) 51 F. 3d 883, 892...................................... **6, 9**

Watkins v. United States Army (9th Cir. 1989) 875 F. 2d 699, 700............................ **6**



PDF created with pdfFactory trial version www.pdffactory.com

## C. STATEMENT OF QUESTIONS INVOLVED

The following are the questions or issues to be decided by the Court in connection with this Motion for Summary Judgment:

1. Did HUD breach the contract with Plaintiffs by having its agent Golden Feather Realty cancel the escrow on August 6, 2003 when Plaintiffs had requested a second extension in writing for three period of 15 days each through August 23, 2003, paid the requisite extension fees and received no information that such extensions would not be granted?

2. Was HUD obligated under the circumstances presented to extend the term of the escrow through August 23, 2003?

## D. STATEMENT OF THE CASE

Plaintiffs Nesslin Cruz and Ohassy Cruz (collectively "Cruz") have filed a Complaint against the Secretary of Housing & Urban Development of Washington, D.C. ("HUD") in a single count for breach of written contact to sell real property .

Prior to May 5, 2003, HUD was the owner of real property located at 5936 Barton Avenue, Los Angeles, California 90038 (the "Barton property"). HUD had advertised the Barton property for sale in various media including, but not limited to, the Internet. HUD's agent for the sale of Barton property was Golden Feather Realty Services, Inc. ("Golden Feather").

On or about May 9, 2003, Cruz entered into a written Purchase and Sale Agreement with HUD whereby HUD agreed to sell the Barton property to Cruz for the sum of $260,000.

After execution of the written Purchase and Sale Agreement, Escrow was opened with Escrow Max on May 20, 2003, Escrow No. 209198, HUD Case No. 197-087160. Cruz deposited the sum of $2,000 into escrow and was to obtain a new First Trust Deed in the amount of $258,000. Escrow was to close on or before June 23, 2003.

The real estate Purchase and Sale Agreement contained an Addendum A which was entitled Forfeiture and Extension Policy. The extension policy, among other things, required a written request, a fee based upon the purchase price and was for a period of 15 calendar days. In the pending matter,



PDF created with pdfFactory trial version www.pdffactory.com

involving a property with a purchase price over $50,000, the cost for an extension of 15 days was $375.

Cruz requested an extension of escrow from June 23 to July 8, 2003 and deposited fees in the sum of $375 in the form of a money order. The money order was negotiated by HUD and the extension was approved.

Cruz received a Notice of Pending Cancellation on July 10, 2003 which Notice requested an extension request with appropriate fees within 24 hours. On or about July 11, 2003, Cruz timely requested an extension of time in response to the Notice of Pending Cancellation. This Notice for an Extension of Time requested three consecutive extensions from July 8, 2003 through August 23, 2003. Cruz submitted the sum of $1,125 for the three extensions in the amount of $375 per extension. The first requested extension was from July 8, 2003 through July 23, 2003. The second requested extension was from July 23, 2003 through August 7, 2003 and the third extension was from August 7, 2003 to August 23, 2003. The extension fees in the form of money orders were negotiated and deposited into escrow. Cruz did not receive notification that the extensions were granted nor any notification that the extensions were not granted. Cruz proceeded under the assumption that all three extensions were granted since the extension fees were negotiated and Cruz heard no information to the contrary. In the meantime, Cruz was busy making arrangements to close escrow by the depositing of an additional $258,000 on or before August 22, 2003.

On or about August 6, 2003, before the extension requested through August 7, 2003 had expired, Plaintiffs received written notification from Golden Feather that they had not tendered loan documents that were required for closing to Escrow Max, Golden Feather, on behalf of HUD, canceled the sale of the Barton property to Cruz. On or about August 14, 2003, Cruz sent a letter to HUD notifying HUD that HUD had breached the Purchase Agreement with Cruz by canceling escrow prior to August 23, 2003.

HUD subsequently sold the Barton property to a third party for the sum of $410,795 on March 5, 2004. HUD kept Cruz' $2,000 deposit as liquidated damages as well as Cruz' fees for the requested extensions notwithstanding the fact that HUD allegedly did not grant the second and third requested



PDF created with pdfFactory trial version www.pdffactory.com

extensions. This legal action then commenced with Cruz taking the position that escrow could not be canceled by HUD prior to August 23, 2003, HUD contends that they had no obligation to accept the requested extensions of July 11, 2003, and that HUD properly canceled the Purchase Agreement on August 6, 2003.

## E. ARGUMENT

1. HUD was estopped from canceling or terminating escrow with Plaintiff prior to August 23, 2003.

The facts in the pending matter establish a classic, paradine case for the concept of "estoppel". Estoppel in pais, also called estoppel by conduct, arises from declarations or conduct of the parties estopped. Whenever a party has by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he cannot in any litigation arising out of such statement or conduct be permitted to contradict it. Am. Jur. 2nd Esoppel and Waiver Sec. 26, et. seq.; Congregation Etz Chaim v. City of Los Angeles (2004) 371 Fed 3d. 1122; United States v. Hemmen (9th Cir. 1995) 51 F. 3d 883, 892; Watkins v. United States Army (9th Cir. 1989) 875 F. 2d 699, 700.

The traditional elements of equitable estoppel are that : (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act, (3) that the party invoking the estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct United States v. Hemmen (9th Cir. 1995) 51 F. 3d 883, 892; Watkins v. United States Army (9th Cir. 1989) 875 F. 2d 699, 700. In the pending all of the necessary elements of equitable estoppel are present.

In this case, (1) HUD knows the facts. HUD had granted a previous extension of escrow and negotiated Plaintiffs' check for extension fees. HUD received the second request for an extension of escrow in response to a Notice of Pending Cancellation which required the receipt of a written Request for Extension within 24 hours of Plaintiffs' receipt of the Notice of Pending Cancellation. The written Request for Extension was timely submitted to HUD along with the requisite fees for three fifteen-day



PDF created with pdfFactory trial version www.pdffactory.com

extensions. HUD caused the checks constituting the entire fee for the requested extensions to be negotiated and deposited into escrow.

(2) HUD intended that its actions would be acted upon. HUD after receiving the written Request for Extensions of escrow through August 23, 2003 and negotiating the checks accompanying such Request for Extensions, knew or should have known that in the absence of notification from HUD to the contrary, Plaintiffs were relying on the extension of escrow through August 23, 2003 and would not provide the requisite funds or lender documentation in time to close escrow by August 6, 2003.

(3) Plaintiffs did not know the true facts i.e. that HUD did not grant the second request for extension of escrow . Plaintiffs after timely submitting the second Request for Extension of escrow along with the requisite fees, which fees were negotiated by HUD, and hearing nothing to the contrary had no reason to believe that HUD did not grant the requested escrow extensions through August 23, 2003.

(4) Plaintiffs detrimentally relied on the fact that HUD granted the second requested extension of escrow through August 23, 2003, because Plaintiffs did not deposit the necessary funds to close escrow or lender's documentation into escrow before HUD unilaterally cancelled or terminated escrow on August 6, 2003. Plaintiffs did not know nor did Plaintiffs have any reason to believe that Plaintiffs were required to deposit the funds to close escrow or lenders documentation into escrow on or before August 6, 2003. In fact, according to the requested extension of escrow, August 6, 2003 was not even the last day of the second extension. HUD did not refund the alleged unused fees for non-granted requests for extension of escrow prior to August 6, 2003 or at all.

In the pending matter, Plaintiffs requested several extensions of escrow. The first extension was requested by Plaintiffs to extend escrow from June 23, 2003 to July 8, 2003. Plaintiffs filed the appropriate request to extend, paid their fees in the sum of $375 and escrow was extended.

The second extension was requested by Plaintiffs in writing on July 11, 2003 and requested three successive escrow extensions. These three extensions were from July 8, 2003 through July 23, 2003, July 23, 2003 through August 7, 2003, and August 7, 2003 through August 23, 2003. In connection with these requests for extensions, Plaintiffs submitted checks totaling $1,125 representing $375 for each



PDF created with pdfFactory trial version www.pdffactory.com

requested extension.

The entire $1,125 of proffered extension fees was negotiated by representatives of HUD. Neither HUD nor any of its authorized representatives contacted Plaintiffs to advise Plaintiffs as to which requested extensions were granted and which, if any, extensions were denied. Moreover, at no time did HUD or its authorized representatives refund any of the fees received for the requested, non-granted extension dates.

Instead, prior to the expiration of the requested second extension, notwithstanding the negotiation of all extension fees and the failure to advise Plaintiffs to the contrary, HUD through Golden Feather canceled the escrow on August 6, 2003.

At this point, it is not clear whether HUD granted any extension dates requested by Plaintiffs on July 11, 2003. It could be assumed that HUD granted the extension for the first extension date because HUD did not notify Plaintiffs of the cancellation of escrow until August 6, 2003 a date beyond the initial requested extension from July 8, 2003 to July 23, 2003. If HUD granted the second extension from July 23, 2003 to August 7, 2003, then HUD breached the contract by canceling on August 6, 2003, when the second extension was through August 7, 2003. If HUD did not grant the second extension from July 23, 2003 through August 7, 2003, why didn't HUD notify Plaintiffs before August 6, 2003 and why did HUD not refund the extension fees paid for the period of July 23, 2003 through August 7, 2003 and August 7, 2003 through August 23, 2003?

Since HUD cashed and deposited the extension fees paid by Plaintiffs in the sum of $1,125 and did not notify Plaintiffs as to which, if any, extension dates were not approved, Plaintiffs were justified in relying on the fact that the extension dates requested from July 8, 2003 through August 23, 2003 were granted. HUD, on the other hand, led Plaintiffs to believe and assume that the three requested extensions of time were granted and that Plaintiffs' escrow was extended through August 23, 2003. In reliance on the extension of the escrow through August 23, 2003, Plaintiffs were arranging for their financing and reasonably believed that the requisite loan documents or funds need not be delivered to escrow in time to close escrow on August 23, 2003.



PDF created with pdfFactory trial version www.pdffactory.com

Since HUD led Plaintiffs to reasonably believe that escrow was extended to August 23, 2003 and Plaintiffs relied on such belief in their efforts to obtain financing and close escrow, HUD is estopped from canceling escrow prior to August 23, 2003 and is further estopped from asserting that HUD did not grant all of the extensions of escrow as requested in the written Request for Extension of Time dated July 11, 2003. United States v. Hemmen (9th Cir. 1995) 51 F. 3d 883, 892.

If HUD had notified Plaintiffs that Plaintiffs were only receiving one extension date or no extension dates or had HUD taken any action to advise Plaintiffs not to rely on the extension of escrow, HUD might have been justified in canceling or terminating the escrow on August 6, 2003. However, HUD's actions in (1) requesting the extension request on July 10, 2003 within 24 hours, (2) receiving the written extension request on July 11, 2003 and, (3) negotiating the entire $1,125 without notification or refund, caused Plaintiffs to believe that escrow was extended through August 23, 2003, as such, Plaintiffs reasonably believed that they did not have to close escrow prior to August 6, 2003 when HUD abruptly canceled or terminated the sale transaction without any prior notification to Plaintiffs.

2. The Measure of Damages Occasioned By the Breach of Contract By HUD

California Civil Code Section 3306 provides, inter alia, that the measure of damages for the breach of contract to convey real property is the difference between the price agreed to be paid and the fair market value of the property at the time of the breach. Here the contract price for the sale of the real property to Plaintiff was $260,000. HUD subsequently sold the Barton property for the sum of $410,795 to a third party after the breach. The difference between the contract price of $260,000 and the fair market value of $410,795 is $150,795.

**F. CONCLUSION**

The parties entered into a Purchase and Sale Agreement for the Barton property at the purchase price of $260,000. Escrow was to close on or before June 23, 2003. Plaintiffs timely requested and received an extension of escrow from July 23, 2003 through July 8, 2003.

Plaintiffs contend that they received an extension of escrow on July 11, 2003 consisting of three 15-day periods from July 8, 2003 through August 23, 2003 from HUD. Plaintiffs base this contention



PDF created with pdfFactory trial version www.pdffactory.com

on the following undisputed facts:

1. Plaintiffs requested an extension in writing on July 11, 2003, after receiving notification from HUD on July 10, 2003 to file such request within 24 hours;

2. Plaintiffs tendered along with their request to extend escrow on July 12, 2003 checks or money orders totaling $1,125 representing the fees for three consecutive 15-day extensions;

3. HUD received the request for extension and the tendered fees;

4. HUD deposited the checks constituting the fees for the requested extensions;

5. HUD did not notify Plaintiffs prior to August 6, 2003 that Plaintiffs requests for extensions, or any such requests for extensions, were not granted;

6. HUD never refunded to Plaintiff fees for requested but non-granted extensions either prior to cancellation or termination or at all;

7. HUD sold the property for significantly more money than contained in the contract with Plaintiffs.

Since escrow was extended by the action or inaction of HUD to August 23, 2003, HUD breached its contract with Plaintiff by canceling or terminating the contract on August 6, 2003.

HUD then subsequently sold the property to a third person for the sum of $410,795. Plaintiffs are seeking a judicial determination that HUD breached the Purchase and Sale Agreement entered into on May 9, 2003, and that as a result of such breach of contract, Plaintiffs are entitled to damages representing the difference between their purchase price and the fair market value of the property at the time of sale which Plaintiffs contend was $410,795. Thus, Plaintiffs are seeking damages of $150,795 plus interest and costs. The interest requested by Plaintiffs is 10% per annum from August 6, 2003 on the total sum of $150,795. The interest to the date of the filing of this Motion is $27,185.15 and will continue to accrue at the rate of $41,89 per day until judgment is rendered.

Dated: May 23, 2005 Respectfully submitted,



PDF created with pdfFactory trial version www.pdffactory.com

LAW OFFICES OF STEPHEN M. FELDMAN

By: /S/ Stephen M. Feldman
STEPHEN M. FELDMAN,
Attorney for Plaintiffs
Nesslin Cruz and Ohassy Cruz
Address: 15915 Ventura Blvd., Suite 201
Encino, CA 91436
Phone: (818) 907-0334; Facsimile: (8l8) 907-9056

C:\wp\MOTION\12817.dn.wpd



PDF created with pdfFactory trial version www.pdffactory.com

PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15915 Ventura Boulevard, Suite 201, Encino, California 91436.

On May 23, 2005, I served the foregoing document described as **Notice of Motion and Motion for Summary Judgment, etc.** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Roger A. Hipp, Esq.
Civil Division, U.S. Dept. of Justice
1100 L Street, N.W., 8th Floor Classification Unit
Washington, D.C. 20530

_XX_ (**BY E-MAIL**) I caused such envelope with postage thereon fully prepaid to be sent via Mr. Hipp's e-mail address.

____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on May 23, 2005, at Encino, California.

_XX_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/S/ Stephen M. Feldman
STEPHEN M. FELDMAN



PDF created with pdfFactory trial version www.pdffactory.com