Stephen M. Feldman, Esq./SBN 65773
LAW OFFICES OF STEPHEN M. FELDMAN
15915 Ventura Boulevard
Suite 201
Encino, California 91436
Tel No. (818) 907-0334
Fax No. (818)907-9056

Attorney for Plaintiffs Nesslin Cruz
and Ohassy Cruz

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NESSLIN CRUZ, an individual, and OHASSY CRUZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON, D.C.,<br><br>Defendant.<br>_______________________________/ | **CASE NO. 04-1222C**<br>**(Judge Baskir)**<br><br>**DECLARATION OF NESSLIN CRUZ IN SUPPORT MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON, D.C.** |

I, NESSLIN CRUZ, declare as follows:

1. I, along with my sister, Ohassy Cruz, are the Plaintiffs in this action. I have personal knowledge of all facts and circumstances set forth in this Declaration.

2. Prior to May 5, 2003, I became aware that the Secretary of Housing & Urban Development of Washington, D.C. ("HUD") was the owner of certain real property located at 5936 Barton Avenue, Los Angeles, California ("Barton property") and was advertising such property for sale.

3. On or about May 9, 2003, Ohassy Cruz and I entered into a written Purchase and Sale Agreement with HUD whereby HUD would sell and my sister and I would purchase the Barton property for the price of $260,000. A copy of the Purchase Agreement is attached hereto as **Exhibit "1"**.



PDF created with pdfFactory trial version www.pdffactory.com

4. My sister and I were represented by ERA First Valley Real Estate Brokers and HUD was represented by Golden Feather Realty Services, Inc..

5. Escrow was opened with Escrow Max of 18173 Pioneer Blvd., Suite A, Artesia, CA, 90701 on May 20, 2003, Escrow No. 209198, HUD Case No. 197-087160. Escrow was scheduled to close on or before June 23, 2003. In connection with the opening of escrow, Ohassy and I had deposited the sum of $2,000 by cashier's check and money order with Escrow Max in connection with the purchase of the subject property.

6. Addendum A to the Purchase Agreement provided as follows:

**"Extensions.** The Golden Feather Realty office will grant extensions of time upon written request from the purchases. Extensions of time to close the sale are entirely within the Seller's discretion. An extension, if granted, will be under the following conditions:

(a) A written request for an extension must be received by Closing Agent no later than five days before the scheduled deadline for closing.

(b) The documentation submitted with the request must establish the cause of delay and that mortgage approval is imminent during the extension period.

(c) An extension will be for a period of fifteen calendar days. Fees are based on the Contract Sales Price of the property: $10 per day is charged if the sales price is $25,000 or less; $15 per day if the sales price is more than $25.00, but not more than $50,000 and $25 per day if the sales price is over $50,000. Extension request must be submitted through the Closing Agent and all fees must be accompanied by request at the time of submission.

(d) Extension fees shall be retained by Seller if a closing does not occur.

(e) At the time of closing, unused extension fees will be prorated to the Purchaser and refunded by escrow.

(f) The granting of one extension shall not obligate the Seller to grant additional extensions, and the Seller shall declare a Default for the Purchasers' failure to close the sale upon the expiration of the original closing period or upon expiration of the extension.**"**



PDF created with pdfFactory trial version www.pdffactory.com

7. In accordance with the extension policy set forth in Addendum A to the Purchase Agreement, my sister and I requested an extension of time from June 23, 2003 to July 8, 2003. In connection with such request for extension of time, we paid the fee of $375. The fee was accepted by cashing our check and the escrow was extended from June 23, 2003 through July 8, 2003.

8. Plaintiffs received a Notice of Pending Cancellation of the sales Purchase Agreement on July 10, 2003. Such Notice of Pending Cancellation requested an extension request from Plaintiffs with appropriate fees within 24 hours. A copy of the Notice of Pending Cancellation is attached hereto as **Exhibit "2"**.

9. My sister and I then requested a second extension of time from July 8, 2003 through August 23, 2003. A copy of this written extension request dated July 11, 2003 is attached hereto as **Exhibit "3"**. I note that the extension date no. 3 of August 7, 2003 through August 22, 2003 contains the incorrect amount of $374. This amount should have been $375. In any event, the total submitted fees for the requested extensions were $1,125. This amount was obtained in Western Union money orders dated July 11, 2003 and consists of three separate checks in the sum of $500, $500 and $125. Copies of these checks are attached hereto as **Exhibit "4"**. These checks were delivered to Golden Feather Realty who forwarded such checks to Escrow Max as before. Escrow Max negotiated, cashed and deposited these checks into escrow. Neither I nor my sister received any information from the seller or the Golden Feather Realty that the second extension was not granted in whole or in part. Based upon my experience with the seller and the seller's agents regarding my first requested extension, once the written extension was submitted along with the check and the checks were negotiated and I heard nothing to the contrary, I assumed and believed that I had received a second extension of time and that escrow would remain open through August 23, 2003. As a result of my belief that escrow was extended to August 23, 2003, neither I nor my sister tendered payment or loan documents for closing to Escrow Max prior to August 6, 2003.

10. While my sister and I believed that escrow was going to be extended through August 23, 2003 as a result of our requested second extension and the negotiation of our submitted fees, on August



PDF created with pdfFactory trial version www.pdffactory.com

6, 2003, I received a letter from Golden Feather Realty Services, Inc. canceling the HUD sales contract. The letter provided that my $2,000 deposit was being retained as liquidated damages as well as all approved extension fees. The letter made no reference of a refund of any extension fees paid beyond August 6, 2003. HUD never refunded to my sister or I our initial deposit of $2,000 or any fees paid for requested and non-granted extensions. A copy of the letter of August 6, 2003 is attached hereto as **Exhibit "5"**.

11. On August 14, 2003, I sent a letter to Golden Feather Realty Services, Inc., the HUD legal department and all other interested parties with regard to what I believed to be a breach of contract by HUD. A copy of my letter is attached hereto as **Exhibit "6"**.

12. I have found out that during investigation, that HUD sold the Barton Avenue property on March 5, 2004 to He Ok Koo, a married woman as her sole and separate property for the sum of $410,795. I calculated this purchase price by taking the documentary transfer tax computed on the full value of the property of $373.45 and multiplying it by the rate of $1.10 per $1,000 for a total of $410,795. This subsequent sales price represents a difference of $150,795 over my purchase price. A copy of the Grant Deed dated March 3, 2004 and recorded March 5, 2004 as Instrument No. 04-0525623 is attached hereto as **Exhibit "7"**.

13. At all times, it was my understanding and belief that my sister and I had an extension of time to close escrow through August 23, 2003. In reliance on such extension date, I made arrangements to fund the balance of the purchase price of $258,000 in connection with an August 23, 2003 closing date.

14. It is my opinion as a real estate sales person and a potential purchaser of the property that the value of the property as of August 6, 2003, was at least $410,795, the actual sales price of the Barton property of March 5, 2004.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called to testify as a witness thereto, I could competently do so.



PDF created with pdfFactory trial version www.pdffactory.com

Executed this 23rd day of May, 2005 at Encino, California.

/S/ Nesslin Cruz
NESSLIN CRUZ

C:\wp\MOTION\12818.dn.wpd



PDF created with pdfFactory trial version www.pdffactory.com

PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15915 Ventura Boulevard, Suite 201, Encino, California 91436.

On May 23, 2005, I served the foregoing document described as **Declaration of Nesslin Cruz in Support of Motion for Summary Judgment, etc.** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Roger A. Hipp, Esq.
Civil Division, U.S. Dept. of Justice
1100 L Street, N.W., 8th Floor Classification Unit
Washington, D.C. 20530

_XX_ (BY E-MAIL) I caused such envelope with postage thereon fully prepaid to be sent via Mr. Hipp's e-mail address.

____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on May 23, 2005, at Encino, California.

_XX_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/S/ Stephen M. Feldman
STEPHEN M. FELDMAN



PDF created with pdfFactory trial version www.pdffactory.com