Stephen M. Feldman, Esq./SBN 65773
LAW OFFICES OF STEPHEN M. FELDMAN
15915 Ventura Boulevard
Suite 201
Encino, California 91436
Tel No. (818) 907-0334
Fax No. (818)907-9056

Attorney for Plaintiffs Nesslin Cruz
and Ohassy Cruz

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NESSLIN CRUZ, an individual, and OHASSY CRUZ, an individual,

Plaintiffs,

vs.

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON, D.C.,

Defendant.
_____________________________________/

**CASE NO. 04-1222C**
**(Judge Baskir)**

**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

COMES NOW Plaintiffs Nesslin Cruz and Ohassy Cruz ("Plaintiff" of "Cruz") and submits the following Proposed Findings of Uncontroverted Fact on its Complaint against the Secretary of Housing and Urban Development of Washington, D.C. ("HUD") as follows:



PDF created with pdfFactory trial version www.pdffactory.com

| **FINDING** | **EVIDENCE** |
|---|---|
| 1. Prior top May 5, 2003, HUD was the owner of 5936 Barton Avenue, Los Angeles, California, 90038 (the "Barton Property"). | Decl. of Nesslin Cruz, Pg.1 Lines 21-23. . |
| 2. On or about May 9, 2003 , Plaintiffs Nesslin Cruz and Ohassy Cruz entered into a written Purchase and Sale Agreement pursuant to which HUD would sell the Barton Property to Plaintiffs for $260,000 (the "Agreement"). | Decl. of Nesslin Cruz, Pg.1 Lines 24-26. Written Purchase & Sale Agreement (Exhibit "l"). |
| 3. In connection with the Agreement, Plaintiffs provided a deposit in the sum of $2,000.00. . | Decl. of Nesslin Cruz, Pg. 2 Lines 5-7. |
| 4. Golden Feather Realty Services was HUD's agent for the sale of the Barton Property. ERA First Valley was Plaintiffs' agent. | Decl. of Nesslin Cruz, Pg. 2 Lines 1-2. |
| 5. Escrow Max Corporation ("Escrow Max") was the parties' escrow agent for the sale of the Barton Property. | Decl. of Nesslin Cruz, Pg. 2 Lines 3-5. |
| 6. Addendum A to the Agreement provided: **"Extensions.** The Golden Feather Realty office will grant extensions of time upon written request from the purchases. Extensions of time to close the sale are entirely within the Seller's discretion. An extension, if | Decl. of Nesslin Cruz, Pg. 2 Lines 8-26 Addendum A to the Purchase Agreement (Exhibit "1"). |



PDF created with pdfFactory trial version www.pdffactory.com

granted, will be under the following conditions:

(a) A written request for an extension must be received by Closing Agent no later than five days before the scheduled deadline for closing.

(b) The documentation submitted with the request must establish the cause of delay and that mortgage approval is imminent during the extension period.

(c) An extension will be for a period of fifteen calendar days. Fees are based on the Contract Sales Price of the property: $10 per day is charged if the sales price is $25,000 or less; $15 per day if the sales price is more than $25.00, but not more than $50,000 and $25 per day if the sales price is over $50,000. Extension requests must be submitted through the Closing Agent and all fees must be accompanied by request at the time of submission.

(d) Extension fees shall be retained by Seller if a closing does not occur.

(e) At the time of closing, unused extension fees will be prorated to the Purchaser and refunded by escrow.

(f) The granting of one extension shall not obligate the Seller to grant additional extensions, and the Seller shall declare a Default for the Purchasers' failure to close the sale upon the expiration of the original closing period or upon expiration of the extension.

| | |
|---|---|
| 7. Pursuant to the Agreement, the original closing date for the sale of the Barton Property was June 23, 2003. | Decl. of Nesslin Cruz, Pg.2 Lines 4-5. |



PDF created with pdfFactory trial version www.pdffactory.com

8. Plaintiffs requested an initial extension of time from June 23, 2003 to July 8, 2003. Plaintiffs deposited fees in the sum of $375.00, in the form of a money order, in connection with such extension. Plaintiffs’ money order was negotiated. Golden Feather approved the extension request.

Decl. of Nesslin Cruz, Pg. 3 Lines 1-4.

9. Plaintiffs received a Notice of Pending Cancellation on July 10, 2003 which requested an extension request with appropriate fees within 24 hours.

Decl. of Nesslin Cruz, Pg. 3 Lines 5-8 and copy of pending Cancellation Notice (Exhibit “2").

10. On or about July 11, 2003, plaintiffs requested another extension of time. Plaintiffs completed the extension request form as follows:

| **Extension Dates:** | **Extension Fees:** |
|---|---|
| 1. <u>07/08/03</u> to <u>07/23/03</u> | <u>$375</u> |
| 2. <u>07/23/03</u> to <u>08/07/03</u> | <u>$375</u> |
| 3. <u>08/07/03</u> to <u>08/23/03</u> | <u>$374</u>** |
| **Total Fees Paid to Date** | **$1,125** |

** Plaintiffs’ broker inadvertently listed the sum of $374 instead of $375 for the 8/7/03 to 8/22/03 extension request.

Decl. of Nesslin Cruz, Pg. 3 Lines 9-20; Req. for Extension (Exhibit “3").

11. With their July 11, 2003 extension request, Plaintiffs tendered three money orders in amounts of $500.00, $500.00 and $125.00, for a total of $1,125.00.

Dec. of Nesslin Cruz, Pg.3, Lines12-15, copies of money orders (collectively Exhibit “4").



PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| 12. Golden Feather forwarded the three money orders to Escrow Max. Escrow Max deposited the money orders into the escrow account. | Decl. of Nesslin Cruz, Pg. 3 Lines 15-17. |
| 13. Golden Feather did not communicate with Plaintiffs concerning the July 11, 2003 extension request. | Decl. of Nesslin Cruz, Pg.3 Lines 17-18. |
| 14. As of August 6, 2003, Plaintiffs had not tendered loan documents that were required for closing to Escrow Max. | Decl. of Nesslin Cruz, Pg. 3 Lines 18-24, Pg. 4 Lines 17-20. |
| 15. Plaintiffs believed that they had an escrow extension through August 23, 2003. | Decl. of Nesslin Cruz, Pg. 3 Lines 15-24; Pg.4 lines 17-20. |
| 16. On August 6, 2003, Golden Feather canceled the sale of the Barton Property to the Plaintiffs and notified of Plaintiffs in writing. | Decl. of Nesslin Cruz, Pg.3 Lines 25-26, Pg. 4, Lines 1-6 Notification of Cancellation (Exhibit “5"). |
| 17. On August 14, 2003, Plaintiffs notified HUD that HUD had breached the Agreement by canceling escrow prior to August 23, 2003. | Decl. of Nesslin Cruz, Pg. 4, Lines 7-9 ; letter of August 14, 2003 (Exhibit “6"). |
| 18. HUD subsequently sold the Barton Property to a third party fo $410,795.00 on March 5, 2004. | Decl. of Nesslin Cruz, Pg. 4, Lines 10-16 .(Exhibit “7"- Grant Deed) |



PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| 19. HUD never refunded either Plaintiffs' deposit or any fees paid for requested and non-granted extensions of escrow . | Decl. of Nesslin Cruz, Pg.4, Lines 3-6. |
| 20. The sale of the Barton Property to a third party was for $150,795.00 more than the sale to Plaintiffs. | Decl. of Nesslin Cruz, Pg. 4, Lines 10-16. |

Dated: May 23, 2005

Respectfully submitted,

LAW OFFICES OF STEPHEN M. FELDMAN

By: /S/ Stephen M. Feldman

STEPHEN M. FELDMAN,
Attorney for Plaintiffs
Nesslin Cruz and Ohassy Cruz
Address: 15915 Ventura Blvd., Suite 201
Encino, CA 91436
Phone: (818) 907-0334
Facsimile: (8l8) 907-9056

C:\wp\MOTION\12816.dn.wpd



PDF created with pdfFactory trial version www.pdffactory.com

PROOF OF SERVICE

STATE OF CALIFORNIA )

COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15915 Ventura Boulevard, Suite 201, Encino, California 91436.

On May 23, 2005, I served the foregoing document described as **Proposed Findings of Uncontroverted Fact** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Roger A. Hipp, Esq.
Civil Division, U.S. Dept. of Justice
1100 L Street, N.W., 8th Floor Classification Unit
Washington, D.C. 20530

_XX_ (**BY E-MAIL**) I caused such envelope with postage thereon fully prepaid to be sent via Mr. Hipp's e-mail address.

____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on May 23, 2005, at Encino, California.

_XX_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/S/ *Stephen M. Feldman*
STEPHEN M. FELDMAN



PDF created with pdfFactory trial version www.pdffactory.com