# In the United States Court of Federal Claims

Case No. 04-1222C
(Filed: May 31, 2005)

| | |
|---|---|
| NESSLIN and OHASSY CR*UZ,* | * |
| *Plaintiffs,* | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES OF AMERICA, | * |
| *Defendant.* | * |

## <u>ORDER</u>

**Clerk of the Court is ordered to VACATE Plaintiffs' Proposed Findings of Uncontroverted Facts filed on May 23, 2005.** In accord with the Court's Special Procedures Order filed September 9, 2004 (copy attached), a Consolidated Statement of Uncontroverted Facts (CSUF) is to be filed in lieu of individual findings of fact. The CSUF should be submitted in conjunction with briefing of summary judgment motions, **but not later than one week following the close of briefing.**

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge

# In the United States Court of Federal Claims

Case No. 04-1222C
(Filed: September 9, 2004)

****************************************************
NESSLIN and OHASSY CRUZ, *
*Plaintiffs,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*
****************************************************

**SPECIAL PROCEDURES ORDER**
*(Revised June 10, 2003)*

Pursuant to Rules of the United States Court of Federal Claims (RCFC), the following procedures will apply in this case:

1. **Settlement and Alternative Dispute Resolution (ADR).** The Court wishes to encourage the parties to resolve this dispute by agreement, rather than litigation. **In furtherance of this goal, this matter has been simultaneously assigned to an ADR judge (Judge Robert H. Hodges, Jr.) pursuant to the Court's Pilot Program initiated April 2, 2001. The parties shall comply with the provisions of the Notice of ADR Pilot Procedures**.

   **Parties are ORDERED to provide the ADR Judge** with a copy of the Complaint, Answer, and Joint Preliminary Status Report (JPSR). After parties file the JPSR, the ADR Judge will endeavor to schedule an Early Neutral Evaluation (ENE) conference within 30 days.

2. **Initial Pleadings.** Pleadings will be filed in accordance with the rules of the RCFC. **In all electronic filing cases, a hard copy of every filing will be provided to the Chambers.** If defendant intends to proceed by dispositive motion in lieu of an answer, the defendant will briefly identify the factual and legal bases for its

anticipated motion as part of the JPSR. The plaintiff may, but need not, briefly respond to the defendant's statement, but only in the JPSR.

3. <u>**Dispositive Motions**</u>. **No dispositive motion may be filed before the Preliminary Status Conference is conducted.** This Order supersedes the time limits for filing dispositive motions contained in the RCFC. A schedule governing the filing of dispositive motions will be determined at the Preliminary Status Conference.

4. <u>**Joint Preliminary Status Report**</u>**.** The JPSR must be filed within **45 days following** the Answer or reply to a Complaint, or any counterclaim. If the defendant intends to proceed by motion, the JPSR must be filed within 45 days of when an Answer would otherwise be due and must contain the notice described above in paragraph 2. The JPSR shall include a brief description of the factual and legal issues, claims, and defenses sufficient to acquaint the Court with the general nature of the case. The JPSR shall cross-reference any exhibit filed pursuant to Appendix A, paragraph 3(h). As noted above in paragraph 1, and in accordance with RCFC Appendix H, **the JPSR shall also be provided to the assigned ADR judge.**

The JPSR shall also contain a Discovery Plan. The Plan shall set dates for exchanging witness lists and exhibits, the scheduling of depositions, and the completion of discovery. **No formal discovery will take place before the preliminary status conference. However, the parties shall comply with RCFC 26, regarding required initial disclosures.** This Court encourages informal discovery and exchange of information at a very early stage and emphasizes cooperation between parties. The parties are expected to employ stipulations and requests for admissions to the maximum extent possible. Leave of Court is required in order to take more than 5 depositions and 25 interrogatories (including subparts).

<u>**The Appendix to the JPSR**</u> shall include copies of material portions of any documents, not already filed, that are relevant to jurisdiction or to disputed facts alleged in the pleadings. These include material portions of contract documents, a summary of damage computation, and records of prior judicial or agency proceedings related to the

claim (e.g., tax decisions and, in contract cases, the claim and the contracting officer's final decision). Include copies of specialized jurisdictional statutes. **Leave of Court is necessary to file an Appendix exceeding 50 pages in length.**

5. **Requirement For Preliminary Conference.** It is this Court's practice to hold a telephonic preliminary status conference on the record in every case. The purpose of the conference is to acquaint the Court with the issues, to discuss any special problems that may exist, and to establish a schedule for further proceedings. Scheduling the preliminary status conference is counsels' joint responsibility.

   Pursuant to Rule 4 of the ADR Pilot Program Procedures Order, within 15 days after the date of the ENE conference, the parties shall file either a joint motion to stay further proceedings **for a time certain** to allow the parties to pursue ADR **or a notice that the case shall proceed as provided for by the rules of this Court. If the parties file a Notice to Proceed, they shall** propose three mutually convenient alternate dates for the Preliminary Status Conference.

6. **Counsels' Attendance and Preparation.** Routine status conferences will be on the record via telephone. Defendant will initiate the conference call with plaintiff, before calling the Judge's chambers. Counsel are expected to be well prepared and to have previously met and discussed all matters thoroughly. A casual knowledge of the issues will not suffice.

7. **Enlargements of Time.** Counsel are expected to follow diligently the provisions of RCFC 6(b) with respect to motions for enlargement of time. Motions should be filed sufficiently in advance of the due date to permit the other party to respond, and to permit the Court to rule. **Enlargements which are unavoidably filed close to or after the due date must seek leave of Court and must state explicitly the unusual circumstances necessitating the late motion and the requested enlargement.** Courtesy copies of late motions should be sent by facsimile.

8. **<u>Motions: In General</u>.** Motions may be made orally in open Court or in writing. **When made in writing, the motion shall be separately captioned and briefly titled, and shall set forth the party's request in simple, direct language, with citation to the proper rule or statutory authority. Alternative requests shall be set forth as such. Supporting memoranda or briefs shall be separately captioned and titled. The Court does not recognize motions set forth in the text of memoranda or in footnotes.**

9. **<u>Briefs and Appendices</u>.** The Court looks with favor on briefs written in clear, dark print, in plain English, and which avoid footnotes, especially substantive footnotes, string cites and other surplusage. **The Court will be especially gratified if counsel who have variable font, print submissions in Arial, 14-point, as used in this order.** Authorities chiefly relied upon should be so indicated in the Table of Authorities by bold-face, asterisks, or otherwise.

   **When filing substantive briefs, the parties are to include an appendix including all documents and exhibits relied upon for the submission. The appendix shall be bound separately from briefs, motions, and other submissions. The appendix shall also contain a table of contents and all documents shall be separated by tabs.** The appendix should include a chronology where appropriate, a list of significant persons who are referred to in the documents, together with their positions and other identifying characteristics, and a glossary of unusual terms and acronyms. In some cases, the Court may require the parties to file a joint appendix prior to oral argument. However, this will ordinarily not be the case provided the initial submissions are clear and understandable.

10. **<u>Reply Briefs</u>.** A moving party's Reply brief is limited to responding to matters contained in the other party's opposition brief. A party wishing to advance new arguments in a reply brief must request leave of Court. *Requests are disfavored.*

11. **<u>Consolidated Statement of Uncontroverted Facts: In General</u>.** In order to make the factual aspects of the case more manageable, **the Court orders the parties to jointly submit a Consolidated Statement of Uncontroverted Facts (CSUF). This Consolidated Statement combines the submissions required by RCFC 56(h).**

**The parties should not file individual Proposed Findings of Uncontroverted Facts. Rather, the parties should consolidate those documents into one statement and file the CSUF jointly.**

The CSUF should be submitted in conjunction with briefing of summary judgment motions, **but not later than one week following the close of briefing.** The CSUF should be tailored appropriately for the motion(s), containing only material facts upon which the motion(s) is based and as to which the moving party believes there is no genuine dispute.

12. **Consolidated Statement of Uncontroverted Facts: Format.** The Court expects parties to **strictly** adhere to the following instructions:

- The CSUF shall consist of the factual assertions of the parties arranged in a logical order, numbered sequentially, and identified as to originating party. Each assertion should contain citations to the pages of the appendix which, in the party's view, support the assertion.

- Each assertion should be in bold-faced type. If the other party contests an assertion, it should append a short statement of the objection immediately following the asserted fact. The controverted words should be lined out in a manner that permits the text to be read. The objecting party should cite to pages in the appendix supporting the objection. Each contested assertion with its objection should be on one page.

- If the statement is not controverted, it should remain as is; do not add "uncontroverted" or similar text. A sequence of uncontroverted assertions may appear on the same page.

**The parties are encouraged to remember that:** 1) inferences are not facts, and should be reserved for argument; 2) the absence of a fact should be included only if explicitly addressed in the record; and 3) an asserted lack of relevance is not a basis for objection.

13. **Oral Argument.** When it appears that the resolution of a matter will be facilitated by oral argument, the Court may invite the parties to appear in person or by telephone for this purpose. Ordinarily, oral

argument will follow completion of written briefing on the matter. **Oral presentations will be limited to arguments and authorities contained in the written submissions.**

**New matter advanced during argument may be ruled out of order.** A party wishing to refer at oral argument to authority not previously contained in the written submissions **must notify the other parties and the Court at the earliest possible time,** in writing if time permits. *Newly **discovered** authority* must be specially identified as such at oral argument. It is always in order to advise the Court and parties of *newly **decided** authority.*

14. **Communication With the Court. All communications with the Court shall be by motion filed with the Clerk of Court or made in open court. Letters and conversations with Chambers are not acceptable substitutes**. Scheduling questions should be addressed to Ms. Lawson or one of my law clerks. Questions regarding filing requirements and standard procedures of the Court should be addressed to the Clerk of Court at (202) 219-9657.

15. **Courtroom Technology.** The Court may, from time to time, conduct hearings and trials in Courtroom 4, the technology-enabled courtroom in the National Courts Building. Any party wishing to utilize the Court's technology shall make arrangements to do so by contacting Ms. Lawson or one of my law clerks, at the earliest possible date.

16. **Courtesy Copies.** Copies may be sent to the Chambers by facsimile at (202) 219-9525. **Originals must be filed with the Clerk of Court.**

**IT IS SO ORDERED.**

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge