IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NESSLIN CRUZ and<br>OHASSY CRUZ,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1222C<br>(Judge Baskir) |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
CROSS MOTION FOR SUMMARY JUDGMENT

Defendant, the United States, respectfully submits this reply brief in further support of its cross motion for summary judgment.

I. Summary Judgment Is Appropriate Because HUD Did Not Agree To Extend The Closing Date Beyond July 23, 2003, Pursuant To A Course Of Dealing

We demonstrated in our initial brief that HUD's agent never agreed to a 45-day extension of the closing date, which would have exceeded the 15-day limit on extensions that was set forth in the parties' Agreement. Plaintiffs argue in response that HUD's agent silently agreed to a 45-day extension pursuant to a "course of dealing." This argument has no merit.

There was no "course of dealing" that could have led plaintiffs to a reasonable belief that a 45-day extension has been granted. The

supposed course of dealing consists of a single dissimilar transaction, which is not a "course of dealing" at all. Plaintiffs made an initial request for a 15-day extension of the closing date, from June 23, 2003 to July 8, 2003. CSUF ¶ 7. HUD's agent approved that request. Id. Plaintiffs contend that by granting this 15-day extension without notifying plaintiffs, HUD's agent established a "course of dealing" that justified their alleged belief that HUD's agent accepted their subsequent request for a 45-day extension.

It would not have been reasonable for plaintiffs to infer from HUD's previous acceptance of a 15-day extension, which was authorized by the Agreement, that HUD also accepted their subsequent request for a 45-day extension, which was not authorized by the Agreement. At most, plaintiffs would have been justified in believing that another 15-day extension would be granted.

Moreover, a single previous occurrence, however similar, cannot establish a course of dealing. "Waiver of a contractual requirement by course of dealing cannot be established by a single occurrence." International Resource Recovery, Inc. v. United States, 60 Fed. Cl. 428, 432 (2004) (citing Doyle Shirt Mfg. Corp. v. United States, 199 Ct. Cl. 150,

462 F.2d 1150, 1154 (1972) (Government not bound by deviations in three prior contracts)). Therefore, even if HUD had waived the 15-day limit on a previous occasion (which did not occur here), a single waiver would not have constituted a course of dealing upon which the plaintiffs could rely.

## II. Summary Judgment Is Appropriate Because HUD Did Not Agree To Extend The Closing Date Beyond July 23, 2003, By Accepting Consideration

Plaintiffs also argue that HUD's agent agreed to a 45-day extension by depositing the money orders that plaintiffs submitted with their request. In support of this argument, plaintiffs rely upon section 69 of the Second Restatement of Contracts (1981), which describes the narrow circumstances in which acceptance by silence may occur.

Section 69 of the Second Restatement hurts plaintiffs' cause more than it helps it. The official comments to section 69 of the Second Restatement note that "[a]cceptance by silence is exceptional. Ordinarily an offeror does not have the power to cause the silence of an offeree to operate as acceptance." Official comment a. The official comments further state that acceptance by silence does not occur "if both parties understand that no acceptance is intended." Official comment d. Here, the parties understood from their Agreement that extensions were limited

to 15 days, and therefore acceptance by silence of a 45-day extension could not have occurred. Instead, the ordinary rule applies, which is that plaintiffs lacked the power to cause the silence of HUD's agent to operate as acceptance.

In a similar case, the United States Court of Appeals for the Fifth Circuit held that depositing a tendered check, without more, did not constitute acceptance by silence. In Houston Dairy, Inc. v. John Hancock Mut. Life Ins. Co., 643 F.2d 1185 (5th Cir. 1981), the defendant had committed to make a loan, provided that plaintiff tendered acceptance and an earnest money deposit within seven days. Id. at 1186. The plaintiff waited 18 days to tender an acceptance and a check for the earnest money. The defendant deposited the check, but did not communicate acceptance to the plaintiff. The trial court held that: (1) the defendant's original offer expired on the seventh day; (2) the plaintiff counter-offered by purporting to accept on the 18th day; and (3) the defendant silently accepted the counter-offer by depositing the check. Id.

The Court of Appeals for the Fifth Circuit reversed, holding that the defendant did not accept the counter-offer by depositing the plaintiff's check. Applying Mississippi law and section 72 of the first Restatement of

Contracts (the predecessor to section 69 of the Second Restatement), the court of appeals found that "[s]ince the actions and policies of [the defendant] were unknown to [the plaintiff], mere silence was not operative as an acceptance of the counter offer, no communication of acceptance having been received." Id. at 1188. See also Hermes v. William F. Meyer Co., 382 N.E.2d 841, 846-47 (Ill. App. 1978) (finding no acceptance by conduct where offeree retained a tendered check without communicating acceptance).

Here, as in Houston Dairy, HUD did not communicate acceptance to the plaintiffs' offer. The clerical act of depositing the plaintiffs' money orders into an escrow account did not manifest HUD's agreement to extend the closing date beyond the 15-day limit set forth in the parties' Agreement.

## CONCLUSION

For these reasons, we respectfully request that our motion for summary judgment be granted, and that plaintiffs' motion for summary judgment be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
by Deborah A. Bynum
KATHRYN A. BLEECKER
Assistant Director

s/Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

July 21, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 21, 2005, a copy of the foregoing "DEFENDANT'S REPLY BRIEF IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Roger A. Hipp