IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NESSLIN CRUZ, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-1222C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PARTIES' COMBINED STATEMENT OF UNCONTROVERTED FACTS

Pursuant to section 12 of the Court's Special Procedures Order, the parties submit this combined statement of uncontroverted facts for purposes of their motions for summary judgment. If motions for summary judgment do not fully resolve this case, the parties reserve the right to introduce additional evidence at trial.

1. **HUD was the owner of real property located at 5936 Barton Avenue, Los Angeles, California (the "Barton Property").**

2. **On or about May 5, 2003, plaintiffs Nesslin Cruz and Ohassy Cruz entered into a written Purchase and Sale Agreement pursuant to which HUD would sell the Barton Property to plaintiffs for $260,000 (the "Agreement"). A copy of the Agreement is attached as Exhibit A.**

3. Golden Feather Realty Services was HUD's agent for the sale of the Barton Property.

4. Escrow Max was the parties' escrow agent for the sale of the Barton Property.

5. Addendum A to the Agreement provided:

"Extensions. The Golden Feather Realty office will grant extensions of time upon written request from the purchaser. Extensions of time to close the sale are entirely within the Seller's discretion. An extension, if granted, will be under the following conditions:

(a) A written request for an extension must be received by Closing Agent no later than five days before the scheduled deadline for closing.

(b) The documentation submitted with the request must establish the cause of delay and that mortgage approval is imminent during the extension period.

(c) An extension will be for a period of fifteen calendar days. Fees are based on the Contract Sales Price of the property; $10 per day is charged if the sales price is $25,000 or less;

**$15 per day if the sales price is more than $25,000, but not more than $50,000 and $25 per day if the sales price is over $50,000. Extension request must be submitted through the Closing Agent and all fees must be accompanied by request at the time of submission.**

**(d) Extension fees shall be retained by Seller if a closing does not occur.**

**(e) At the time of closing, unused extension fees will be prorated to the Purchaser and refunded by escrow.**

**(f) The granting of one extension shall not obligate the Seller to grant additional extensions, and the Seller shall declare a Default for the Purchasers' failure to close the sale upon the expiration of the original closing period or upon expiration of the extension.**

**6. Pursuant to the Agreement, the original closing date for the sale of the Barton Property was June 23, 2003.**

**7. Plaintiffs requested an initial extension of time from June 23, 2003 to July 8, 2003. Golden Feather approved that request.**

**8. On or about July 11, 2003, plaintiffs requested another extension**

**of time. A copy of this extension request is attached as Exhibit B. Plaintiffs completed the extension request form as follows:**

| **Extension Dates:** | **Extension Fees:** |
|---|---|
| **1. 07-08-03 to 07-23-03** | **$375** |
| **2. 07-23-03 to 08-07-03** | **$375** |
| **3. 08-07-03 to 08-22-03** | **$374** |
| **Total Fees Paid To Date:** | **$1,125** |

**9. With their July 11, 2003 extension request, plaintiffs tendered three money orders in amounts of $500.00, $500.00, and $125.00, for a total of $1,125.00.**

**10. Golden Feather forwarded the three money orders to Escrow Max. Escrow Max deposited the money orders into the escrow account.**

**11. In response to plaintiffs' July 11, 2003 extension request, Golden Feather granted plaintiffs one fifteen-day extension request, from July 8, 2003 to July 23, 2003.**

**12. Golden Feather did not communicate with plaintiffs concerning the July 11, 2003 extension request.**

**13. As of August 6, 2003, plaintiffs had not tendered loan**

**documents that were required for closing to Escrow Max.**

**14. On August 6, 2003, Golden Feather cancelled the sale of the Barton Property to the plaintiffs and notified plaintiffs in writing.**

**15. HUD subsequently sold the Barton Property to a third party for $339,123.00.**

Respectfully submitted,

s/Stephen M. Feldman
by Roger A. Hipp
STEPHEN M. FELDMAN
15915 Ventura Blvd., Suite 201
Encino, CA 91436
Phone: (818) 907-0334
Facsimile: (818) 907-9056

Attorney for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

Attorneys for Defendant

July 27, 2005