# In the United States Court of Federal Claims

**Case No. 04-1222C**
**(Filed: November 30, 2005)**

*****************************************************
NESSLIN and OHASSY CR*UZ,* *
*Plaintiffs,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*****************************************************

ORDER

The Court heard oral arguments on the parties' cross-motions for summary judgment in this matter on October 19, 2005.

During the presentation of the Government's case, counsel made a key concession: Counsel admitted that Mr. and Ms. Cruz were entitled to a refund of $750.00. *See* Tr. at 36-37. This figure represents the extension fees tendered by the Plaintiffs for the two extension periods, July 23-August 7 and August 7-22 – which had never been approved.

All parties to this transaction appear to share the understanding that fees for *unapproved* extensions are returned to the buyer. *See* Addendum A at ¶ E; *see also*, Extension Request Form (July 11, 2003) ("Enclosed is a certified check or money order in the amount of 1,125 ... I understand this extension fee is non-refundable, but that if closing occurs in less than approved extension time, my client(s) will be credited for the unused portion. I also understand that if this request is denied the fees will be returned."); Cancellation letter of August 6, 2003 (Retained liquidated damages "includes all *approved* extension fees, which are non-refundable.")(emphasis added).

Clearly, the Plaintiffs would succeed on a breach of contract, limited to the question of the unreturned extension fees paid by the Plaintiffs. **Accordingly, we invite the Plaintiffs to amend their Complaint to allege this additional claim.**

In light of the Government's candor respecting its liability for these fees, the parties may pursue other avenues short of filing formal pleadings. The Court notes that the parties previously engaged in a brief period of ADR before Senior Judge Hodges. **We, therefore, anticipate the filing of an Amended Complaint by Plaintiffs, or a Joint Status Report by the parties indicating that this matter has been resolved, no later than December 30, 2005**.

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge